BK 12787 PG 250
09/17/03 01:57
PAGE 1 OF 5    8918

# "56 AVALON DRIVE REALTY TRUST"

## DECLARATION OF TRUST

### DATED: SEPTEMBER   , 2001

04 CR 10395- DPW

I, Antonio Loura, trustee and Not Individually, declare that I and my successor(s) in trust hereunder will hold any and all property of every name, nature and description and any interest in any of the same that may now or hereafter be acquired by or conveyed or transferred to me or such successor as Trustee or Trustee(s) hereunder, or the sole benefit of the Beneficiaries hereunder, from time to time, upon the terms, conditions and provisions and subject to the limitations hereof.

1. The term "Trustee" as used herein shall mean the person or persons who, from time to time, shall be serving as Trustee or Trustee(s) hereunder, and all of the rights, powers, authority, privileges and immunities provided for hereunder for the Trustee may be exercised by such person or persons as shall appear from records of the Registry of Deeds in which this Trust is recorded to be the Trustee at such time.

The Beneficiaries of this Trust are the persons listed as the Beneficiaries this day executed and the Trustee(s) by them and the Trustee(s) and filed with the Trustee(s) and their successors and assigns as herein provided. The beneficial interests of the Beneficiaries, which shall from time to time be amended to reflect any change in the identity of the Beneficiaries or in their respective interests hereunder.

2. The trust established may be referred to as the "56 AVALON DRIVE REALTY TRUST".

3. Any Beneficiary hereunder may serve as Trustee.

4. Except as hereinafter provided, in case of the termination of this Trust, the Trustee(s) shall have no power or authority to deal in or with the property held hereunder unless the Trustee(s) shall have first received directions in writing by all of the Beneficiaries; and upon the receipt of directions as, and to the extent specifically set forth therein, the Trustee(s) shall have full power and authority to sell, convey, assign, mortgage or otherwise dispose of all or part of the Trust property; to execute and deliver leases and subleases notwithstanding that the term of said lease or sublease may extend beyond the date of possible termination of this Trust; to borrow money and execute and deliver notes or other evidences of such borrowing for a period extending beyond the date of any possible termination of this Trust; to grant or acquire rights of easements; to construct, alter, add to or demolish any building constituting a part of the Trust property and generally to enter into agreements, contracts, or arrangements with respect to the Trust property, all as so directed, but not otherwise. Any instrument executed pursuant to powers herein contained may create obligations extending beyond the date of any possible termination of the Trust. No Trustee, however, shall be required to take any action as so directed which will in the opinion of such Trustee involve herein any personal liability unless he/she shall be first indemnified to his/her satisfaction.

BK 12787 PG 251

5. No person dealing with the Trustee(s) hereunder shall be under any obligation or liability to see to the application of any purchase money or to any other money or property loaned or delivered or transferred to the Trustee(s) or to see that the terms and conditions of this Trust have been complied with. Any person dealing with the Trust property or any Trustee, may rely fully without further inquiry on a certificate signed by any person appearing from the records of the Registry of Deeds in which this Trust is recorded to be a Trustee hereunder, or as to the existence or non-existence of any fact or facts which constitute or may constitute conditions precedent to any acts or action by any Trustee, or which are in any other manner germane to the affairs of the Trust including, without limitation, the fact of whether or not directions authorizing the Trustees to so act have been given by the Beneficiaries as in this Trust provided.

6. This Trust may be terminated at any time by delivery to the Trustee(s) of nay instrument in writing setting forth such termination signed by any Beneficiary and acknowledged. Upon delivery of such instrument to the Trustee(s), the Trustee(s) shall acknowledge receipt of the same and the same shall be recorded in the Registry of Deeds in which this Trust is recorded. Provided, however that this Trust shall terminate in any event Forty (40) years from the date hereof. In case of termination either by expiration or time or otherwise, the Trustee(s) shall thereupon transfer and convey by proper instruments in writing the specific assets constituting the Trust estate subject to any leases, mortgages, contracts or other liens or encumbrances on the Trust to the Beneficiaries as tenants in common in proportion to their respective shares. All such deeds or other instruments shall refer to this Trust and shall be accompanied by a certificate of the Trustee(s) that the grantee(s) or transferee(s) named in such instrument are the Beneficiaries and that the shares of the respective Beneficiaries are set forth in said instrument.

7. Any Trustee hereunder may resign by written instrument signed and acknowledged by such resigning Trustee delivered to the Beneficiaries and recorded with the Registry of Deeds in which this Trust is recorded.

8. The Trust Estate shall be directly liable for payment or satisfaction of all obligations and liabilities incurred by the Trustee(s) and Agents of this Trust within the scope of their authority. Although the Trustee(s), as Trustee(s), made be party to any suit or proceeding to enforce any such obligation or liability, they shall not on account thereof be held to any personal liability therein but shall be party only insofar as is necessary to enable such obligation or liability to be enforced against the Trust Estate. No Beneficiary, Trustee or Agent of this Trust shall be held to any personal liability whatsoever, in Tort, Contract or otherwise, in connection with the affairs of this Trust, save only that arising from his own willful misconduct, knowingly and intentionally committed, and all persons shall look solely to the Trust Estate for satisfaction of claims of any nature arising in connection with the affairs of the Trust. With respects to all agreements, obligations, instruments and action in regard to the affairs of this Trust, The Trustee(s), as such Trustee(s) and not individually, shall be the principal and entitled as such to enforce the same, collect damages and take all other action.

9. The Trustee shall act as the nominee of the Beneficiaries at all times, and unless otherwise directed by the Beneficiaries, shall not, as such, engage in any activity other than the holding of bare legal title to the Trust property. Anything herein to the contrary notwithstanding, the Trustee(s), as such, shall not: except as consistent with instruments of the Beneficiaries, maintain a bank account, collect sales or financing proceeds or receive other payments; make disbursements or pay bills or own assets other than as said nominee. To the extent feasible, the Trustee(s) shall arrange that all proceeds and payments due in respect of any financing, sale or other disposition of all or any part of the Trust property shall be paid, over directly to the Beneficiaries by payor; and if not paid, the Trustee(s) shall immediately distribute such proceeds to the Beneficiaries.

10. Succeeding or additional Trustee(s) may be appointed and any Trustee may be removed, by an instrument or instruments in writing signed by all of the Beneficiaries; provided in each case that such instrument or instruments, or a certificate by any Trustee naming the Trustee or Trustee(s) so appointed, shall be recorded in said Registry of Deeds. Upon the appointment of any succeeding or additional Trustee, title to the Trust Estate shall thereupon necessity of any instrument, of conveyance or transfer, be vested in such additional or succeeded Trustee jointly with the remaining of other Trustee, if any. Each succeeding Trustee shall have all the rights, powers, authority, privileges and immunities as the original Trustee hereunder. No Trustee shall be required to furnish any bond.

11. This Trust may be amended, from time to time, by any instrument in writing signed by the then Trustee(s) and all Beneficiaries and acknowledged by any one or more of the Trustee(s) or Beneficiaries; provided, however that no such amendment shall be effective until the instrument of such amendment or a certificate of any Trustee setting forth the terms of such amendment shall be recorded with the Registry of Deeds in which this Trust is recorded.

12. Without limitations on any provision hereof, no Trustee hereunder shall be liable for any error of judgment, nor for any loss arising out of any act or omission to act in good faith or of any action of any co-Trustee or proceeding Trustee, but shall be responsible only for his own willful breach of trust. Any one Trustee may exercise the power of all Trustee(s) hereunder. No license or court shall be requisite to the validity of any transaction entered into by the Trustee and, as directed by the Beneficiaries, the Trustee shall have full power and authority to execute, acknowledge, deliver and record all instruments necessary or proper to carry such transactions into effect.

13. Every agreement, lease, sublease, deed, mortgage, note or other instrument executed by a majority of the persons appearing from the records of the Registry of Deeds in which this Trust shall be recorded to be the Trustee(s) hereunder shall be conclusive evidence in favor of every person relying thereon or claiming hereunder that at the time of delivery of such instrument this Trust was in force and effect and that the execution and delivery thereof was duly directed by the Beneficiaries subject to the provisions of this Trust.

14. The Trustee(s) shall distribute to the Beneficiaries not later than January 31st of each year; the net income of said Trust unless otherwise directed by the Beneficiaries.

BK 12787 PG 253

15. No Trustee and no Beneficiary of this Trust shall ever be personally or individually liable for any obligations of the Trustee(s) hereunder, but each person who deals with the Trustee(s) shall look solely to the assets of the Trust hereunder for satisfaction of any claim, which such person may have against said Trust.

EXECUTED under seal by the Trustee(s) hereunder on the day and year first above written.

"56 AVALON DRIVE REALTY TRUST"

By: _____
Antonio Loura Trustee and Not Individually

COMMONWEALTH OF MASSACHUSETTTS

Bristol, ss.                                September 17, 2001

Then personally appeared **Antonio Loura** and acknowledged the foregoing instrument to be his free act and deed, as Trustee and Not Individually, before me.

_____
Notary Public:
My commission expires: 9-7-2006

BK 12787 PG 254

## SCHEDULE OF BENEFICIAL INTERESTS *Exhibit*

I, Antonio Loura, Trustee of "547 PLYMOUTH AVE REALTY TRUST" under Declaration of Trust dated, September    , 2001 and Not Individually, do hereby declare that the Beneficiary to which reference is made in said Trust is as set forth below:

| NAME | PROPORTIONATE INTEREST |
|---|---|
| Erin E. Loura | 33 1/3 % |
| Adam C. Loura | 33 1/3 % |
| Micaela L. Loura | 33 1/3 % |

WITNESS my hand and seal this          day of September, 2001

Antonio Loura

Commonwealth of Massachusetts

Bristol ss.                                                          September 17, 2001

Then personally appeared the above named Antonio Loura and acknowledged the foregoing instrument to be his free act and deed before me.

Notary Public: ~~Marvin H. Cohen~~ Thomas C. Ho
My commission expires: ~~12/23/05~~ 9-7-2006

**End of Document**