F I L E D
Clerk's Office
USDC, Mass.
Date **3-31-05**
By **MR**
Deputy Clerk



**U.S. Department of Justice**

*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

March 29, 2005

Edward L. Hayden, Esq.
7 Franklin Street
Lynn, MA 01902

      Re:  <u>United States v. Antonio Loura</u>
           Criminal No. 04-10395-DPW

Dear Mr. Hayden:

    This letter sets forth the Agreement between the United
States Attorney for the District of Massachusetts ("the U.S.
Attorney") and your client, Antonio Loura ("Defendant"), in
the above-captioned case. The Agreement is as follows:

    1.   <u>Change of Plea</u>

    At the earliest practicable date, Defendant shall plead
guilty to the attached Superseding Information, which charges
Defendant with Class A misdemeanor assault on a federal
officer, in violation of 18 U.S.C. § 111(a). Defendant
expressly and unequivocally admits that he in fact did
knowingly, intentionally and willfully commit the crime
charged in count one of the Superseding Information and is in
fact guilty of that offense. The U.S. Attorney agrees to
dismiss the above-captioned Indictment following the
imposition of sentence.

    2.   <u>Penalties</u>

    Defendant faces the following maximum penalties: A term
of imprisonment of up to one year; a fine of up to $100,000; a
term of supervised release of up to one year, and a mandatory

special assessment of $25.

    3.    Sentencing Guidelines

    The sentence to be imposed upon Defendant is within the
discretion of the sentencing Court, subject to the statutory
maximum penalties set forth above, and the provisions of the
Sentencing Reform Act and the United States Sentencing
Guidelines promulgated thereunder, as modified by United
States v. Booker and United States v. Fanfan, 125 S.Ct. 738,
2005 WL 50108 (January 12, 2005).  In imposing the sentence,
the Court must consult and take into account the United States
Sentencing Guidelines, along with the other factors set forth
in 18 U.S.C. §3553(a).

    The parties will take the following positions at
sentencing with regard to the United States Sentencing
Guidelines, applying the Guidelines Manual in effect on the
date that the offense of conviction was committed, as required
by U.S.S.G. § 1B1.11(b)(1):

        (a)    U.S.S.G. § 2A2.4 is the applicable sentencing
               guideline provision and calls for an initial base
               offense level of 6; and

        (b)    U.S.S.G. §2A2.4(b)(1)is applicable because the
               conduct involved a dangerous weapon, requiring an
               increase in the BOL of 3.

    Based on Defendant's prompt acceptance of personal
responsibility for the offense of conviction in this case, and
information known to the U.S. Attorney at this time, the U.S.
Attorney agrees to recommend that the Court reduce by two
levels Defendant's offense level under U.S.S.G. § 3E1.1.

    The U.S. Attorney specifically reserves the right not to
recommend a reduction under U.S.S.G. § 3E1.1 if, at any time
between his execution of this Agreement and sentencing
Defendant:

                (a)    Fails to admit a complete factual basis for the
                       plea;

                (b)    Fails to truthfully admit his conduct in the
                       offenses of conviction;

2

    (c)   Fails to provide truthful information about his financial status;

    (d)   Engages in acts which form a basis for finding that Defendant has obstructed or impeded the administration of justice under U.S.S.G. § 3C1.1;

    (e)   Intentionally fails to appear in Court or violates any condition of release;

    (f)   Commits a crime; and/or

    (g)   Attempts to withdraw his guilty plea.

Defendant expressly understands that he may not withdraw his plea of guilty if, for any of the reasons listed above, the U.S. Attorney does not recommend that he receive a reduction in Offense Level for acceptance of responsibility.

Defendant expressly understands that, in addition to declining to recommend an acceptance-of-responsibility adjustment, the Government may seek an upward adjustment pursuant to U.S.S.G. § 3C1.1 if Defendant obstructs justice after date of this Agreement.

The U.S. Attorney and Defendant agree that there is no basis for a departure from the sentencing range established by the United States Sentencing. Accordingly, neither the U.S. Attorney nor Defendant will seek a departure on any ground from the Sentencing Guidelines.

4.   <u>Sentence Recommendation</u>

The U.S. Attorney agrees to recommend the following sentence before the District Court:

    (a)   Probation for a period of two years;

    (b)   A low-end guideline fine;

    (c)   No restitution; and

    (d)   Mandatory special assessment of $25.

The defendant agrees to recommend the same sentence

3

except he will recommend probation for a period of one year.

### 5. Payment of Mandatory Special Assessment

Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Defendant establishes to the satisfaction of the Court that Defendant is financially unable to do so.

### 6. Court Not Bound By Agreement

The sentencing recommendations made by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the U.S. Probation Office or the sentencing judge. Within the maximum sentence which Defendant faces under the applicable law, the sentence to be imposed is within the sole discretion of the sentencing judge. Defendant's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(B). Defendant may not withdraw his plea of guilty regardless of what sentence is imposed. Nor may Defendant withdraw his plea because the U.S. Probation Office or the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the parties. In the event that the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the U.S. Attorney, the U.S. Attorney reserves the right to defend the sentencing judge's calculations and sentence in any subsequent appeal or collateral challenge.

### 7. Civil Liability

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, which Defendant may have incurred or may incur as a result of his conduct and his plea of guilty to the charges specified in paragraph one of this Agreement.

### 8. Rejection of Plea By Court

Should Defendant's guilty plea not be accepted by the Court for whatever reason, or later be withdrawn on motion of Defendant, this Agreement shall be null and void at the option of the U.S. Attorney.

4

9.    Breach of Agreement

If the U.S. Attorney determines that Defendant has failed
to comply with any provision of this Agreement, has violated
any condition of his pretrial release, or has committed any
crime following his execution of this Agreement, the U.S.
Attorney may, at his sole option, be released from his
commitments under this Agreement in their entirety by
notifying Defendant, through counsel or otherwise, in writing.
The U.S. Attorney may also pursue all remedies available to
him under the law, irrespective of whether he elects to be
released from his commitments under this Agreement.  Further,
the U.S. Attorney may pursue any and all charges which have
been, or are to be, dismissed pursuant to this Agreement.
Defendant recognizes that no such breach by him of an
obligation under this Agreement shall give rise to grounds for
withdrawal of his guilty plea.  Defendant understands that,
should he breach any provision of this agreement, the U.S.
Attorney will have the right to use against Defendant before
any grand jury, at any trial or hearing, or for sentencing
purposes, any statements which may be made by him, and any
information, materials, documents or objects which may be
provided by him to the government subsequent to this
Agreement, without any limitation.  In this regard, Defendant
hereby waives any defense to any charges which he might
otherwise have under any statute of limitations or the Speedy
Trial Act.

10.    Who Is Bound By Agreement

This Agreement is limited to the U.S. Attorney for the
District of Massachusetts, and cannot and does not bind the
Attorney General of the United States or any other federal,
state or local prosecutive authorities.

11.    Complete Agreement

This letter contains the complete agreement between the
parties.  No promises, representations or agreements have been
made other than those set forth in this letter. This Agreement
supersedes prior understandings, if any, of the parties,
whether written or oral. This Agreement can be modified or
supplemented only in a written memorandum signed by the
parties or on the record in court.

    If this letter accurately reflects the Agreement between
the U.S. Attorney and Defendant, please have Defendant sign
the Acknowledgment of Agreement below.  Please also sign below
as Witness.  Return the original of this letter to Assistant
U.S. Attorney John A. Capin.

                              Very truly yours,

                              MICHAEL J. SULLIVAN
                              United States Attorney

By: _____
                              JAMES B. FARMER
                              Assistant U.S. Attorney
                              Chief,
                              Criminal Division

                              STEPHEN P. HEYMANN
                              Assistant U.S. Attorney
                              Deputy Chief,
                              Criminal Division

                              John A. Capin
                              Assistant U.S. Attorney

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.

ANTONIO LOURA
Defendant

Date: 3-31-05

I certify that Antonio Loura has read this Agreement **or** has had this Agreement read to him in his native language and that we have discussed its meaning. I believe he understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly.

EDWARD L. HAYDEN
Attorney for Defendant

Date: 3·31-05

7